405 F.2d 1004
 UNITED STATES of America ex rel. Jon MUDRY, Appellant,
v.
COMMONWEALTH OF PENNSYLVANIA, Judges of the Court of Quarter Sessions, Arlen Specter, District Attorney, Philadelphia County, Pennsylvania, Edward J. Hendrick, Superintendent of Prisons, Commonwealth of Pennsylvania, William C. Sennett, Attorney General, Commonwealth of Pennsylvania.
 No. 17371.
 United States Court of Appeals Third Circuit.
 Submitted on Briefs December 19, 1968.
 Decided January 17, 1969.
 
 Jon Mudry, pro se.
 Stanley Asher Winikoff, Deputy Atty. Gen., William C. Sennett, Atty. Gen., Harrisburg, Pa., for appellees.
 Before SEITZ, ALDISERT and STAHL, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The appellant, convicted of violating the Pennsylvania Drug Device and Cosmetic Act of 1961, Act No. 793, 35 P.S. § 780-1 et seq., has challenged the act's constitutionality on the ground that it violates the equal protection clause of the Federal Constitution. After petitioning the court below to impanel a three-judge court under 28 U.S.C.A. §§ 2281 and 2284 to determine the question of constitutionality, he indicated that he was presenting the same issues in proceedings in the Pennsylvania state courts.
 
 
 2
 The District Court thereupon ruled on April 10, 1968, that "since a remedy is being sought in the state courts we should defer hearing it until a decision is reached." Between the time of the filing of the order below and the time of its submission to us, the matter was presented to the Pennsylvania appellate courts.
 
 
 3
 We have learned the following chronology of this case in the state court system: after appellant was denied relief in the Court of Common Pleas, he filed an appeal to the Superior Court of Pennsylvania on June 10, 1968, which court affirmed the lower court without opinion on August 9, 1968, 213 Pa.Super. 721, 244 A.2d 166. Allocator was denied by the Supreme Court of Pennsylvania on October 28, 1968.
 
 
 4
 It appearing that the petition was denied by the District Court without prejudice until such time as a decision was reached in the Pennsylvania state courts, and it now appearing that the matter has been finally adjudicated there, we remand the case to the District Court for appropriate action.